IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01146-KLM

DAVIS T. STEPHENSON,

     Applicant,

v.

PAUL GRAY, Colorado Division of Adult Parole, and
CYNTHIA COFFMAN, The Attorney General of the State of Colorado,

     Respondents.

_____

## ORDER TO DISMISS IN PART AND FOR ANSWER
_____

Applicant, Davis T. Stephenson, initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1)[1] challenging the validity of his conviction and sentence in Case No. 04CR95 in the District Court of La Plata County, Colorado. Mr. Stephenson has paid the $5.00 filing fee. On June 2, 2015, Magistrate Judge Gordon P. Gallagher directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). After obtaining an extension of time, Respondents submitted a Pre-Answer Response (ECF No. 11) on July 23, 2015. Applicant filed a Reply (ECF No. 12) on August 3, 2015.

The Court construes Mr. Stephenson's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

---

[1] "ECF No. 1" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for

*pro se* litigants.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will

dismisses the Application, in part.[2]

## I. Background and State Court Proceedings

The Colorado Court of Appeals on direct appeal described the relevant factual

background for Mr. Stephenson's convictions as follows:

> The record, however, contains exhibits showing that defendant (1) downloaded information from official Colorado web sites and other states to create official-looking sites that falsely identified victims as registered sex offenders; (2) created false personal web sites portraying two victims as sexual deviants seeking sex partners, listing the home address of one victim and the place of employment, mailing address, social security number, home telephone number, and spouse's name of the other victim; (3) sent letters to one of these victims, pretending to be persons who had seen the site, directing her to the web site, and threatening to break into her home and rape her; (4) sent letters, some under the guise of official capacity, to family members and employers of these victims, directing them to the web sites and warning of the "danger" the victims posed; (5) posted a sex offender poster about one victim; (6) submitted a false obituary of another victim, stating he had died of AIDS, when in fact he had not died; (7) wrote complaint letters to employers of certain victims stating that the victims had used racial slurs or engaged in inappropriate behavior toward him; (8) distributed a poster with an explicit photograph of female genitalia, naming another victim as the person pictured; (9) created newsletters falsely attributing to victims articles or quotes on various topics, including masturbation; (10) sent correspondence that indicated one victim, a female professor, was having sex with one of her female students in exchange for good grades; and (11) sent correspondence to this same victim, pretending to be her supervisor, threatening her with disciplinary action for engaging in inappropriate behavior at her workplace.

*People v. Stephenson*, No. 06CA0901, slip op. at 1-2 (Colo. App. Mar. 6, 2008)

(unpublished) (ECF No. 11-5, at 2-3).

---

[2]   The parties consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2.  *See Order of Reference* (ECF #20).

Based on this evidence, a jury convicted Mr. Stephenson in January 2006 of five counts of criminal libel, seven counts of forgery of a government issued document, two counts of stalking - threat and repeated communication, six counts of criminal impersonation to gain a benefit, two counts of criminal impersonation to cause liability, and four counts of possession of a forged instrument.  (ECF No. 1, at 1-2; ECF No. 11-5, at 2).  Applicant was sentenced to 21 ½ years imprisonment with the Colorado Department of Corrections.  (ECF No. 1, at 2; ECF No. 12, at 21, 27).  Applicant's conviction was affirmed on direct appeal in *People v. Stephenson*, No. 06CA0901 (Colo. App. March 6, 2008) (unpublished).  (ECF No. 11-5).  The Colorado Supreme Court denied Applicant's petition for certiorari review on April 20, 2009.  (ECF No. 11-9).

On September 9, 2009, Applicant file a motion for reconsideration of his sentence, pursuant to Colo. R. Crim. P. 35(b).  (ECF No. 11-1, at 41).  On May 18, 2010, the state district court denied the motion.  (*Id.,* at 39).  Applicant did not appeal.

On or around July 27, 2010, Applicant filed another postconviction motion, pursuant to Colo. R. Crim. P. 35(c).  (ECF No. 11-1, at 39).  After several addendums, attorney-changes, and rescheduled hearings, the state district court accepted a stipulation in which the prosecution agreed to modify Applicant's sentence to a prison term of 192 months plus two years of mandatory parole, in exchange for Applicant withdrawing his Rule 35(c) motion and waiving his right to file any such motion in the future.  (*Id.,* at 30; ECF No. 12, at 25-26).  After credit for time served and all good time and earned time, Applicant was released on parole on April 13, 2015.  (ECF No. 11-1, at 9-11).

On June 1, 2015, Mr. Stephenson filed his federal habeas corpus application under 28 U.S.C. § 2254 asserting the following seven claims for relief:

1.    Colorado's criminal libel statute violates the First Amendment and "Supreme Court rulings," and Applicant's prosecution under that statute violated the Equal Protection Clause of the Fourteenth Amendment. (ECF No. 1, at 2-3).

2.    Applicant's sentence was grossly disproportionate to his crimes, in violation of the Eighth Amendment.  (*Id.,* at 3).

3.    Applicant's "unprepared" trial counsel violated his Sixth Amendment right to competent attorney representation.  (*Id.*).

4.    There was insufficient evidence to support Applicant's forgery convictions because there was no intent to defraud or to gain a benefit.  (*Id.,* at 3-4).

5.    An "[o]vertly retaliatory search warrant was in violation of the First and Fourth Amendments."  (*Id.,* at 4).

6.    The state lacked subject matter jurisdiction over two counts of which Applicant was convicted.  (*Id.*).

7.    Applicant's simultaneous convictions for forgery and possession of a forged instrument in relation to the same text violated the Fourteenth Amendment's equal protection guarantee.  (*Id.,* at 4-5).

In the Pre-Answer Response, Respondents do not contend that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  Respondents further concede that Applicant exhausted state court remedies for claim five and "the portions of claim 1 alleging vagueness and overbreadth."  (ECF No. 11, at 11-13, 15). Respondents argue, however, that claims two, three, four, six, seven, and the "portions of claim 1 not alleging vagueness or overbreadth" are unexhausted and procedurally defaulted.  (*Id.*, at 11-16).

## II.  Standard of Review

### A.    Exhaustion Requirement

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights.  *See*

*O'Sullivan v. Boerckel*, 526 U.S. 838, 843 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).   The exhaustion requirement is satisfied once the "substance of a federal habeas corpus claim" has been presented fairly to the state courts. *See Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).   To comply, a state prisoner first must have "fairly presented" his constitutional and federal law issues to the state courts through direct appeal, collateral review, state habeas proceedings, mandamus proceedings, or other available procedures for judicial review in accordance with the state's procedural requirements. *See, e.g., Castille,* 489 U.S. at 351.   Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).

In addition, in order to exhaust his claims, a habeas corpus petitioner must "properly present" his claims to the state courts.   In this regard, a petitioner must invoke "one complete round" of the applicable State's appellate review process, thereby giving the courts of that State "one full opportunity" to resolve any issues relevant to such claims. *O'Sullivan,* 526 U.S. at 845.   Finally, a state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

**B.    Procedural Default**

If a habeas petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion

requirement would now find the claims procedurally barred . . . there is a procedural default. . . . ." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Anderson v. Sirmons*, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007) (applying anticipatory procedural bar). A claim that has been procedurally defaulted in the state courts on an independent and adequate state procedural ground is precluded from federal habeas review, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007). A petitioner's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

### III. Analysis

### A.    Claim One

Mr. Stephenson asserts that "Colorado's criminal libel statute is an overt violation of the First Amendment of the United States Constitution, and Petitioner's prosecution violated the Equal Protection Clause of the Fourteenth Amendment. The criminal libel statute, moreover, violates myriad united states [sic] Supreme Court rulings regarding free press and freedom of expression, including *New York Times v. Sullivan*." (ECF No. 1, at 2). In support of this claim, Mr. Stephenson further alleges that the criminal libel statute

(a) "criminalizes truth by its prohibition of truthful statements about the dead or those who may have 'physical defects;'"

(b) "does not require actual malice for prosecution, as dictated by precedent;"

(c) "makes no distinction for satire and parody, the genre for which Petitioner was prosecuted;"

     (d) "is unconstitutionally overbroad an [sic] vague;" and

     (e) "has chilling [sic] effect of free speech."

(*Id.*). Mr. Stephenson also asserts that his prosecution under the criminal libel statute was "irrefutably selective" and "personal in nature, more an act of retaliation," in violation of his Fourteenth Amendment equal protection rights. (*Id.,* at 2-3).

     Respondents contend in the Pre-Answer Response that Applicant "argued in state court that the criminal libel statute violates the First Amendment because it is unconstitutionally vague and overbroad" but that Applicant "did not challenge the statute on any other theory, however - under the First Amendment or otherwise." (ECF No. 11, at 12). Thus, Respondents concede that Applicant's First Amendment claim asserting vagueness and overbreadth was fairly presented to the state courts on direct appeal. (*Id.,* at 12, 15-16). Respondents, however, argue that Applicant is limited to the vague and overbroad theory of claim one, and that any other portion of claim one that is brought "under the First Amendment or otherwise" is not exhausted and procedurally defaulted. (*Id.,* 12-13, 15-16). In the Reply, Applicant contends that he challenged the criminal libel statute "in its entirety through the entire state criminal process, with specific emphasis given to First Amendment violations, equal protection, and violations of precedent case law." (ECF No. 12, at 2).

     The Court has reviewed the state court briefs in Applicant's direct review, and finds that Applicant argued in his opening brief to the Colorado Court of Appeals that the state criminal libel statute, Colo. Rev. Stat. § 18-13-105, was "unconstitutionally vague and overbroad." (ECF No. 11-2, at 2, 7, 10-21). The Court further finds that Applicant developed this First Amendment argument by asserting that United States Supreme Court

precedent "set the standard that Colorado's criminal-libel statute is also unconstitutional;" that "criminal libel in this modern day cannot be sustained;" and that "the lack of the essential element of falsity and knowledge in Colorado's criminal-libel statute, which allows truth as an affirmative defense in vague circumstances also renders the statute unconstitutional." (*Id.,* at 10).  In the appellate decision, the Colorado Court of Appeals rejected Applicant's "contention that his convictions for criminal libel should be vacated because Colorado's criminal libel statute is unconstitutionally vague and overbroad." (*See* ECF No. 11-5, at 3-5).

The Court finds that Applicant exhausted state court remedies for the portion of claim one that challenges the constitutionality of Colorado's criminal libel statute on the First Amendment grounds Applicant has set forth in the Application, including that the statute:

> (a) "criminalizes truth by its prohibition of truthful statements about the dead or those who may have 'physical defects;' "
>
> (b) "does not require actual malice for prosecution, as dictated by precedent;"
>
> (c) "makes no distinction for satire and parody, the genre for which Petitioner was prosecuted;"
>
> (d) "is unconstitutionally overbroad an [sic] vague; and
>
> (e) "has chilling effect of free speech."

(ECF No. 1, at 2).

The Court, however, agrees with Respondents that Applicant has failed to exhaust the portion of claim one alleging that Applicant's prosecution under the criminal libel statute violated the equal protection guarantee of the Fourteenth Amendment.  Upon review of the state court briefs, the Court finds that Applicant did not challenge his prosecution under the

statute on an equal protection theory in the state courts through direct appeal, collateral review, state habeas proceedings, mandamus proceedings, or other available procedures for judicial review in accordance with the state's procedural requirements. *See, e.g., Castille,* 489 U.S. at 351. Therefore, Applicant has failed to satisfy his burden of demonstrating that the portion of claim one that challenges his prosecution as violating equal protection has been exhausted.

Although, Mr. Stephenson fails to demonstrate that he has exhausted state remedies for the portion of claim one arguing that his prosecution under the state criminal libel statute violated the equal protection guarantee, the Court may not dismiss this claim for failure to exhaust state remedies if Mr. Stephenson no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. Furthermore, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Even if an unexhausted claim has not actually been raised and rejected by the state courts, the claim still is subject to an anticipatory procedural default if it is clear that the claim would be rejected because of an independent and adequate state procedural rule. *See Coleman*, 501 U.S. at 735 n.1.

"A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). A state procedural ground is adequate if it is "applied evenhandedly in the vast majority of cases." *Id.* Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman*, 501 U.S. at 730.

Respondents contend, and the Court agrees, that Applicant no longer has an adequate and effective state remedy available to him to challenge his prosecution under the criminal libel statute on equal protection grounds. First, Respondents contend that any presentation of the claim in state court is now time-barred pursuant to Colo. Rev. Stat. § 16-5-402(1) (imposing a three-year limitation period for postconviction claims challenging non-class 1 felonies). (ECF No. 11, at 12). Respondents also argue that if Applicant attempted to raise this claim in a state postconviction motion at this time, it would be procedurally barred pursuant to Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought. . ."). (*Id.,* at 13).

The Court notes that Rule 35(c)(3)(VII) is independent because it relies on state rather than federal law. The rule also is adequate because it is applied evenhandedly by Colorado courts. *See, e.g., People v. Vondra*, 240 P.3d 493, 494 (Colo. App. 2010) (applying Rule 35(c)(3)(VII) to reject claims that could have been raised in a prior proceeding). Moreover, Colorado's statute of limitation for collateral attacks also is an independent and adequate state procedural ground. *See Klein v. Neal*, 45 F.3d 1395, 1398 (10th Cir. 1995). Finally, Mr. Stephenson presents no argument that these state procedural rules are not independent and adequate.

Therefore, the unexhausted portion of claim one is procedurally defaulted and cannot be considered unless Mr. Stephenson demonstrates either cause and prejudice or a fundamental miscarriage of justice. To demonstrate cause for his procedural default, Mr. Stephenson must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes

compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).   If Mr. Stephenson can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750. Mr. Stephenson does not raise any argument that might demonstrate good cause for his procedural default.   Therefore, Mr. Stephenson has failed to satisfy the cause and prejudice standard.

Mr. Stephenson also fails to demonstrate a fundamental miscarriage of justice.   A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496.   A credible claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).   "The *Schlup* standard is demanding and permits review only in the extraordinary case." *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks omitted).   Under *Schlup*, "prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'"   *Id.* at 536-37 (quoting *Schlup*, 513 U.S. at 327)).   Again, Mr. Stephenson does not raise any argument that might satisfy the *Schulp* actual innocence standard.

Accordingly, the Court finds that the portion of claim one asserting that Applicant's prosecution under the criminal libel statute resulted in an equal protection violation should be dismissed as procedurally defaulted.

**B.     Claims Two, Four, and Seven**

In claim two, Applicant argues that his sentence was grossly disproportionate to his crimes in violation of the Eighth Amendment.  (ECF No. 1, at 3).  In claim four, Applicant contends that the evidence was insufficient to support his forgery convictions.  (*Id.,* at 4).  And in claim seven, Applicant asserts that he "was convicted of forgery and possession of a forged instrument in relation to the same text, violating Colorado statutes and denying petitioner equal protection under the Fourteenth Amendment."  (*Id.,* at 5).

Respondents contend that all of these claims are unexhausted because Applicant did not present them on direct appeal and did not "invok[e] one complete round of the State's established appellate review process" when he withdrew his postconviction motion in exchange for a sentence reduction.  (ECF No. 11, at 14-15).  Respondents further argue that the claims are procedurally defaulted because they are time-barred under Colo. Rev. Stat. § 16-5-402(1) (three-year statute of limitations for collateral attacks on non-class-one felonies), and are barred under Colo. R. Crim. P. 35(c)(3)(VII) (requiring dismissal of any postconviction claim that could have been raised in a prior appeal or postconviction proceeding).  (*Id.,* at 15).  To demonstrate that he has exhausted state remedies, Applicant argues in his Reply that claim two was presented in his Rule 35(c) motion; that claim four was raised in pretrial motions, his petition for certiorari review on direct appeal, and his Rule 35(c) motion; and that claim seven was presented on direct appeal.  (ECF No. 12, at 3-4).

The Court has reviewed Mr. Stephenson's state court briefs and finds that he has not presented claims two, four, and seven fairly to the state courts.  Although, Applicant raised claim two (grossly disproportionate sentence) in his Rule 35(c) motion, the state appellate courts did not have one full opportunity to resolve any constitutional issues by one complete round of the State's appellate review process because Applicant withdrew the Rule 35(c) motion in exchange for a sentence reduction.  *See O'Sullivan,* 526 U.S. at 845. Therefore, Mr. Stephenson fails to satisfy his burden of demonstrating that claim two is exhausted.

Applicant also contends that he presented claim four (insufficient evidence to support forgery convictions) in his petition for certiorari review and thus, the "issue was preserved in the direct state appellate process all the way to the Colorado Supreme Court." (ECF No. 12, at 3).  After reviewing the state court briefs, the Court finds that Mr. Stephenson did not raise this claim in his opening brief on direct appeal, but the argument was raised in his petition for writ of certiorari.  (*See* ECF No. 11-8, at 13). Inclusion of this allegation for the first time in a petition for writ of certiorari, however, does not demonstrate that the claim was fairly presented to the highest state court.  In Colorado, state appellate courts do not review issues that were not raised in the lower courts.  *See People v. Salazar,* 964 P.2d 502, 507 (Colo. 1998) ("It is axiomatic that issues not raised in or decided by a lower court will not be addressed for the first time on appeal.").  As a result, Mr. Stephenson has not demonstrated that claim four in the Application is exhausted.

Finally, with respect to claim seven (simultaneous forgery convictions based on same instrument), the Court finds that Applicant argued in his opening brief to the Colorado Court of Appeals that his convictions for forgery of a government issued document and

possession of a forged instrument were in error because they were based on the same instrument in violation of Colo. Rev. Stat. § 18-5-108.   (ECF No. 11-2 , at 29-30).   The Court finds that the claim was raised solely as a violation of Colorado state law and not as a federal constitutional claim.   Because Applicant did not present this claim as a federal constitutional claim, s*ee Duncan v. Henry*, 513 U.S. 364, 365-66 (1995), he fails to satisfy his burden of demonstrating that claim seven is exhausted.

Although, Mr. Stephenson has failed to satisfy the exhaustion requirement for claims two, four, and seven, the Court cannot dismiss the claims for failure to exhaust if Mr. Stephenson no longer has an adequate and effective state remedy available to him. *See Castille,* 489 U.S. at 351.   Respondents, contend, and the Court agrees, that Applicant has committed an anticipatory procedural default of claim two (grossly disproportionate sentence), claim four (insufficient evidence for forgery convictions), and claim seven (simultaneous forgery convictions violated state statute) because the claims would be barred under Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought. . .").   *See also Welch v. Milyard*, No. 11-1214, 436 F. App'x 861, 865-66 (10th Cir. Aug. 18,  2011) (unpublished) (concluding that claim barred from state court review under Colo. R. Crim. P. 35(c)(3)(VII) was procedurally defaulted on federal habeas review).   As explained above, Rule 35(c)(3)(VII) is independent and adequate.   *See, e.g., Vondra*, 240 P.3d at 494 (applying Rule 35(c)(3)(VII) to reject claims that could have been raised in a prior proceeding); *Klein*, 45 F.3d at 1398.   Morever, Mr. Stephenson has not made the necessary showing of cause and prejudice, or actual innocence to excuse his procedural default of these claims.

Therefore, claims two, four, and seven in the Application are procedurally defaulted and should be dismissed.

**C.      Claims Three and Six**

In claim three, Applicant alleges that his trial counsel was "unprepared" in violation of "the Sixth Amendment right to competent attorney representation." (ECF No. 1, at 3). In claim six, Applicant argues that the state "lacked subject matter jurisdiction over two counts for which [he] was convicted." (*Id.*, at 4). Respondents contend that claims three and six are unexhausted because Applicant did not "invok[e] one complete round of the State's established appellate review process" when he withdrew his postconviction motion in exchange for a sentence reduction. (ECF No. 11, at 14-15). Respondents further argue that claims three and six are procedurally defaulted because they are time-barred and could have been presented on direct appeal, thereby violating Colo. R. Crim. P. 35(c)(3)(VII). (*Id.,* at 15). Although, Mr. Stephenson did not present his claims for ineffective assistance of trial counsel (claim three) and lack of subject matter jurisdiction (claim six) on direct appeal, he alleges that he presented both claims in his postconviction motion, and they should be examined by the Court to prevent a miscarriage of justice. (ECF No. 12, at 3). The Court finds that Mr. Stephenson presented his claims for ineffective assistance of counsel and lack of subject matter jurisdiction in his Rule 35(c) motion. (ECF No. 12, at 27-28, 30-31). However, Mr. Stephenson did not invoke one complete round of the state's appellate review process because he withdrew his postconviction motion in exchange for a sentence reduction, and thus, failed to exhaust claims three and six.

The Court, however, is not persuaded that claims three and six are subject to an anticipatory procedural default. Although, Respondents are correct that Colo. R. Crim. P. 35(c)(3)(VII) generally prohibits consideration of claims that could have been presented in a prior appeal or postconviction proceeding, Respondents do not address whether any exception to the rule may apply. Pursuant to Rule 35(c)(3)(VII)(d), "[a]ny claim that the sentencing court lacked subject matter jurisdiction," would not be barred. Moreover, Colorado law only permits ineffective assistance of counsel claims to be brought in postconviction proceedings and not on direct appeal. *See Ardolino v. People,* 69 P.3d 73, 77 (Colo. 2003). Pursuant to Colo. R. Crim. P. 35(c)(3)(VIII), "the court shall not deny a postconviction claim on ineffective assistance of trial counsel on the ground that all or part of the claim could have been raised on direct appeal." Thus, claims three and six are not procedurally barred under Colo. R. Crim. P. 35(c)(3)(VII).

The Court recognizes that Mr. Stephenson may be barred from presenting claims three and six to the state courts in a postconviction motion because the claims may be subject to (a) the three-year statute of limitations contained in Colo. Rev. Stat. § 16-5-402; and (b) the stipulation that reduced Mr. Stephenson's sentence in exchange for withdrawing his postconviction motion and waiving his right to file any such motion in the future. Generally, a federal court may not address a claim made in habeas corpus if the applicant will be procedurally barred from presenting it in state courts. *See Coleman,* 501 U.S. at 734 n.1. However, the Court declines to resolve at this time whether Mr. Stephenson can demonstrate cause and prejudice to excuse his default of claims three and six. Specifically, the Court declines to resolve whether Mr. Stephenson's withdrawal of his postconviction motion and waiver of his right to file any future postconviction motion in state court in

exchange for a sentence reduction constitutes interference by officials that makes compliance with the State's procedural rules impracticable. *See McCleskey,* 499 U.S. at 493-94.

**D.     Claim Five**

In claim five, Applicant asserts that the search warrant of his home was retaliatory and violated the First and Fourteenth Amendments. (ECF No. 1, at 4). Respondents concede that claim five is exhausted.

In summary, Respondents concede that claim five and the portion of claim one arguing that the state criminal libel statute is unconstitutionally overbroad and vague are exhausted, and the Court further finds that the portion of claim one challenging the constitutionality of the state criminal libel statute on First Amendment grounds is exhausted as well. The Court declines to resolve at this time whether claims three and six are procedurally defaulted or whether Mr. Stephenson can demonstrate cause and prejudice to excuse any default of claims three and six. Finally, the Court finds that the portion of claim one challenging Applicant's prosecution under the criminal libel statute as violating the equal protection guarantee of the Fourteenth Amendment and claims two, four, and seven are unexhausted and procedurally defaulted.

**IV.  Orders**

For the reasons discussed above,

IT IS HEREBY **ORDERED** that the portion of claim one arguing that his prosecution under the criminal libel statute violated his equal protection rights under the Fourteenth Amendment and claims two, four, and seven of the Application for a Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2254 (ECF #1) are **DISMISSED with prejudice** as procedurally defaulted.

IT IS FURTHER **ORDERED** that Respondents shall file an Answer to claims three, five, six, and the portion of claim one challenging the constitutionality of the state criminal libel statute on First Amendment grounds enumerated in the Application **within thirty (30) days** of this Order.

IT IS FURTHER **ORDERED** that Applicant may file a Reply **within thirty (30) days** after Respondents file an Answer.

DATED September 25, 2015, at Denver, Colorado.

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

-18-