IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01146-KLM

DAVIS T. STEPHENSON,

     Petitioner,

v.

PAUL GRAY, Colorado Division of Adult Parole, and
CYNTHIA COFFMAN, Attorney General of the State of Colorado,

     Respondents.

---

## ORDER TO FILE RESPONSE TO PETITIONER'S MOTION

---

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

On October 9, 2015, Applicant Davis T. Stephenson filed pro se a "Motion to Reconsider Order to Dismiss in Part; To Amend Claim 5; and to Appoint an Attorney" [#26][1] (the "Motion").

The Court must construe the Motion and other papers filed by Mr. Stephenson liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.

In the Motion, Mr. Stephenson asks the Court to reconsider its determination in its September 25, 2015 Order to Dismiss in Part and for Answer [#21] that claim four in the habeas corpus application be dismissed because it was unexhausted and procedurally defaulted. Specifically, Mr. Stephenson maintains that claim four should not be

---

[1] "[#26] is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). The Court uses this convention throughout this Order.

procedurally barred because his attorney "due to corruption and ineptitude, elected not to include this indispensable argument, despite these repeated requests by [Mr. Stephenson]." [#26] at 1-3. Mr. Stephenson further argues that his attorney "was later found guilty of misconduct for her representation of [Mr. Stephenson]" and "the State Court conceded that [Mr. Stephenson's] appellate attorney was grossly ineffective when it reduced [Mr. Stephenson's] sentence in order to forestall a Crim. P. 35(c) hearing." *Id.* Therefore, Mr. Stephenson contends that claim four should not be procedurally defaulted "because it was only omitted in the opening brief due to the appellate attorney's misconduct." *Id.* Construing Mr. Stephenson's allegations liberally, he appears to be arguing that he can overcome the procedural default of claim four by demonstrating cause and prejudice based on ineffective assistance of counsel.

In the Motion, Mr. Stephenson also seeks leave to amend claim five in the habeas corpus application. Specifically, Mr. Stephenson seeks to broaden his arguments in claim five by challenging "the totality of the search warrants served in the case" and not just the "single retaliatory search warrant referenced in the initial filing of his Petition for Writ of Habeas Corpus." [#26] at 3.

On December 2, 2015, Respondents filed an Answer [#33] addressing the merits of the remaining claims—i.e., claims three, five, six, and the portion of claim one challenging the constitutionality of Colorado's criminal libel statute on First Amendment grounds enumerated in the Application. Respondents, however, did not address Mr. Stephenson's arguments in the Motion regarding the dismissal of claim four and the amendment of claim five.

Because Respondents did not address whether Mr. Stephenson's claim of

ineffective assistance of counsel may overcome a procedural default of claim four and whether they object to Mr. Stephenson's request to amend claim five, the Court directs Respondents to file a response to the Motion [#26] that addresses these issues. Accordingly,

IT IS HEREBY **ORDERED** that **within twenty-one (21) days from the date of this Order** Respondents shall file a Response to Petitioner's "Motion to Reconsider Order to Dismiss in Part; To Amend Claim 5; and to Appoint an Attorney" [#26] as directed in this order.

IT IS FURTHER **ORDERED** that **within twenty-one (21) days of the filing of any Response to Petitioner's "Motion to Reconsider"** Mr. Stephenson may file a Reply, if he desires.

DATED January 14, 2016, at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge