IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01146-KLM

DAVIS T. STEPHENSON,

    Applicant,

v.

PAUL GRAY, Colorado Division of Adult Parole, and
CYNTHIA COFFMAN, Attorney General of the State of Colorado,

    Respondents.

---

# ORDER

---

This matter is before the Court on the **Motion to Reconsider Order to Dismiss in Part; To Amend Claim 5; and to Appoint an Attorney** [#26][1] (the "Motion") filed *pro se* by Applicant, Davis T. Stephenson, on October 9, 2015.  Respondents filed a "Response to Motion to Reconsider and Amend" [#39] on February 2, 2016.

The Court must construe the Motion and other papers filed by Mr. Stephenson liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

## I.  Procedural Background

On June 1, 2015, Mr. Stephenson initiated this action by filing *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [#1] (the "Application") challenging

---

[1]"[#26] is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  The Court uses this convention throughout this Order.

the validity of his conviction and sentence in Case No. 04CR95 in the District Court of La Plata County, Colorado. In the Application, Mr. Stephenson raised the following seven claims for relief:

1. Colorado's criminal libel statute violates the First Amendment and "Supreme Court rulings," and Applicant's prosecution under that statute violated the Equal Protection Clause of the Fourteenth Amendment ("Claim One");

2. Applicant's sentence was grossly disproportionate to his crimes, in violation of the Eighth Amendment ("Claim Two");

3. Applicant's "unprepared" trial counsel violated his Sixth Amendment right to competent attorney representation ("Claim Three");

4. There was insufficient evidence to support Applicant's forgery convictions because there was no intent to defraud or to gain a benefit ("Claim Four");

5. An "[o]vertly retaliatory search warrant was in violation of the First and Fourth Amendments" ("Claim Five");

6. The state lacked subject matter jurisdiction over two counts of which Applicant was convicted ("Claim Six"); and

7. Applicant's simultaneous convictions for forgery and possession of a forged instrument in relation to the same text violated the Fourteenth Amendment's equal protection guarantee ("Claim Seven"). [#1, at 2-5].

On September 25, 2015, the Court entered an Order to Dismiss in Part and for Answer [#21] (the "September 25 Order"). In the September 25 Order, the Court determined that Claim Five and the portion of Claim One challenging the constitutionality of the state criminal libel statute on First Amendment grounds were exhausted. [*See id.*, at 6-12, 17]. The Court determined that Claims Three and Six were unexhausted but declined to resolve whether Claims Three and Six were subject to an anticipatory procedural default because Mr. Stephenson's factual allegations concerning the withdrawal

of his state postconviction motion and waiver of his right to file any such motion in the future in exchange for a reduction in his sentence may excuse the default through a showing of cause and prejudice. [*Id.,* at 15-17]. The Court also dismissed Claims Two, Four, Seven, and the portion of Claim One challenging Mr. Stephenson's prosecution under the criminal libel statute as violating the equal protection guarantee of the Fourteenth Amendment as unexhausted and procedurally defaulted. [*Id.,* at 12-15, 17].

In the September 25 Order, the Court specifically determined that Claim Four was not fairly presented to the state courts because Mr. Stephenson did not raise the claim in his opening brief on direct appeal and inclusion of the claim for the first time in a petition for writ of certiorari did not demonstrate that the claim was fairly presented to the highest state court. [*Id.,* at 13]. Because Colorado appellate courts do not review issues that were not raised in the lower courts, the Court found that Mr. Stephenson failed to demonstrate that Claim Four was exhausted. [*Id.*]. In addition, the Court determined that Claim Four was procedurally defaulted because it would be barred under Colo. R. Crim. P. 35(c)(3)(VII). [*Id.*, at 14]. Finally, the Court concluded that Mr. Stephenson did not make the necessary showing of cause and prejudice, or actual innocence to excuse the procedural default of Claim Four. [*Id.*].

On October 9, 2015, Mr. Stephenson filed the Motion asking the Court to reconsider the dismissal of Claim Four, seeking leave to amend Claim Five, and requesting appointment of counsel. [*See* #26].

## II. Motion to Reconsider

The Court first will address Mr. Stephenson's request to reconsider the dismissal of Claim Four, which alleged that the evidence was insufficient to support his forgery

convictions because there was no intent to defraud. Although, Mr. Stephenson does not identify the legal authority under which he brings the motion to reconsider, the Court construes the Motion liberally as "an interlocutory motion invoking [the Court's] general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991).

In the Motion, Mr. Stephenson maintains that the Court should reconsider its determination that Claim Four was procedurally defaulted because his attorney's "refusal to include compelling arguments in her opening brief despite [Mr. Stephenson's] repeated requests constitutes 'some objective factor' that impeded his ability to comply with the state's procedural rule." [#26, at 1-2]. Mr. Stephenson further argues that his attorney "was later found guilty of misconduct by the Colorado Supreme Court of Attorney Regulation in relation to her refusal to supplement the record with the transcripts on appeal," which "supports [Mr. Stephenson's] request that claim 4 be included because it was omitted in the opening brief due to the appellate attorney's misconduct, and that he made repeated attempts to include it." [*Id.*]. Mr. Stephenson also contends that "the State Court conceded that [Mr. Stephenson's] appellate attorney was grossly ineffective when it reduced [Mr. Stephenson's] sentence in order to forestall a Crim. P. 35(c) hearing." [*Id.*].

To demonstrate cause for the procedural default, Mr. Stephenson must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see also Coleman v. Thompson,* 501 U.S. 722, 753 (1991). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably

available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). In addition, "[i]neffective assistance of counsel . . . is cause for a procedural default . . . but [the ineffective assistance claim must] be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray,* 477 U.S. at 488-89. "[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can ***itself*** be procedurally defaulted . . . " *Edwards v. Carpenter,* 529 U.S. 446, 453 (2000) (emphasis added). In such a situation, a habeas petitioner must excuse an additional layer of procedural default by satisfying the cause and prejudice standard as to the ineffective assistance claim. *See id.*

Construing Mr. Stephenson's allegations liberally, he contends that ineffective assistance of counsel on direct appeal establishes cause for the procedural default of Claim Four. Specifically, Mr. Stephenson argues that his counsel was "grossly ineffective" because she failed to include in the opening brief on direct appeal the argument that there was insufficient evidence of an intent to defraud to support a forgery conviction. [#26, at 1-2]. Because Mr. Stephenson concedes that he has not presented this claim to the state courts as an independent ineffective assistance claim, he must excuse the additional layer of procedural default by satisfying the cause and prejudice standard as to the ineffective assistance claim. *See Edwards,* 529 U.S. at 453.

As explained in the September 25 Order, Mr. Stephenson's factual allegations that he withdrew his postconviction motion in state court and waived his right to file any such motion in the future in exchange for a reduction of his sentence raised the issue of whether he could demonstrate cause and prejudice to excuse the default of unexhausted Claims

Three and Six in the Application. [*See* #21, at 16]. The Court declined to resolve whether this circumstance constituted interference by officials that makes compliance with the State's procedural rules impracticable. [*Id.*]. This circumstance also is relevant in determining whether Mr. Stephenson can demonstrate cause to excuse the procedural default of his ineffective assistance of counsel claim, which he contends was cause for the procedural default of Claim Four.

Respondents contend that Mr. Stephenson's decision to withdraw his postconviction motion in exchange for a sentence-reduction cannot excuse the default of his claims because it was not external to the defense and does not qualify as state interference. [*See* #39, at 4; #33, at 17-22]. The Court agrees.

To qualify as cause, Mr. Stephenson must show some objective factor *external* to the defense impeded his efforts to comply with the State's procedural rules. *Murray,* 477 U.S. at 488 (emphasis added). In other words, the cause "must be something external" to Mr. Stephenson that "cannot fairly be attributed to him." *Coleman,* 501 U.S. at 753. Interference by officials that makes compliance with the State's procedural rule impracticable can constitute cause. *McCleskey,* 499 U.S. at 497; *see e.g., Scott v. Mullin,* 303 F.3d 1222, 1230 (10th Cir. 2002) (recognizing that a *Brady* violation for failing to disclose the only evidence supporting a claim was interference external to the defense and prevented petitioner from complying with state procedural rules); *Johnson v. Champion,* 288 F.3d 1215, 1228 (10th Cir. 2002) (finding that the state's failure to timely provide necessary transcripts or records qualifies as state interference); *United States v. Wright,* 43 F.3d 491, 498-99 (10th Cir. 1994) (deciding that a threat by the prosecution, not supported by probable cause, to indict defendant's family members if he did not plead guilty

established state interference that made compliance impracticable).

To show cause for the default of his ineffective assistance of counsel claim, Mr. Stephenson relies on the fact that he entered a stipulation with the People in which he agreed to withdraw his postconviction motion (and all ineffective assistance of counsel claims) and waive his right to file any future postconviction motion in exchange for a reduction of his sentence. Mr. Stephenson argues that this agreement "is a clear example of interference by state officials" that "makes compliance with the state's procedural rules impracticable." [#34, at 6]. In support, Mr. Stephenson asserts that the agreement was "not a legitimate waiver," " has no validity," "is coercive, and is tantamount to holding a gun to [his] head." [*Id.*].

Courts recognize that circumstances directly attributable to a petitioner do not qualify as "something external to the defense" that prevents the petitioner from raising his claims in state court. *See e.g., Schneider v. McDaniel,* 674 F.3d 1144, 1153-55 (9th Cir. 2012) (holding that pro se petitioner's mental condition cannot serve as cause for procedural default); *Cornman v. Armontrout,* 959 F.2d 727, 729 (8th Cir. 1992) (deciding that petitioner's below-average intelligence was insufficient to establish cause); *Harris v. McAdory,* 334 F.3d 665, 669 (7th Cir. 2003) (finding that borderline IQ is not external to the defense and does not establish cause); *Bonilla v. Hurley,* 370 F.3d 494, 498 (6th Cir. 2004) (holding that petitioner's unfamiliarity with the English language was insufficient to establish cause because it was not "external to [his] defense."); *Hull v. Freeman,* 991 F.2d 86, 91 (3rd Cir. 1993) (deciding that petitioner's borderline mental retardation was not "cause"); *Eden v. Ryan,* CV-15-8020-PCT-DGC, 2016 WL 1010698, at *22 (D. Ariz. Jan. 12, 2016) (rejecting petitioner's ineffective assistance of counsel claim as cause because "any such

deficiency [in not bringing claims] was not external to the defense, and is chargeable to Petitioner."); *Mathis v. Johnson,* No. 11-cv-178, 2013 WL 5532327, at *2 (M.D. Ga. Oct. 4, 2013) (finding that petitioner's failure to file proper pleading does not constitute cause because mistake was attributable only to petitioner); *Johnson v. Baenen,* No. 11-cv-1137, 2013 WL 1130459, at *4 (E.D. Wis. Mar. 18, 2013) (holding that any impediment to paying the costs associated with copying and mailing the petition was "not 'external to the defense,' but within the control of" the petitioner); *Thompson v. Burns,* Civil No. 11-cv-2227, 2012 WL 397874, at *10 (M.D. Pa. Feb. 7, 2012) (determining that petitioner failed to establish cause based on appellate counsel's decision not to pursue claims on appeal because such failure was not external to the defense).

The Court finds that the stipulation between Mr. Stephenson and the People does not qualify as "something external" to Mr. Stephenson that prevented him from raising his claims in state court. Mr. Stephenson was free to reject the agreement and continue to assert his postconviction claims in state court. Instead, he chose to become a party to the agreement and receive a reduction in his sentence. [*See* #33-14]. Thus, Mr. Stephenson's decision to enter into the stipulation with the People was not "something external" to Mr. Stephenson that "cannot fairly be attributed to him." *Coleman,* 501 U.S. at 753.

Moreover, the Court cannot find that the stipulation constitutes inference by officials that makes compliance with the State's procedural rule impracticable. *McCleskey,* 499 U.S. at 497. The record reflects that Mr. Stephenson, who was represented by counsel, entered into a written, negotiated, and signed stipulation with the People. [*See* #33-14; *see also* 3/13/15 Trial. Tr. 3:4-16:16]. It further reflects that the state court read the agreement into the record, and Mr. Stephenson orally confirmed that he understood and wanted to

proceed. [*See* 3/13/15 Trial. Tr. 21:7-23:25].

Just as a waiver of collateral attack rights brought pursuant to a § 2255 motion is generally enforceable in a plea agreement where the plea and waiver were knowingly and voluntarily made, *see United States v. Cockerham,* 237 F.3d 1179, 1183 (10th Cir. 2001), Mr. Stephenson's waiver of his collateral attack rights in the stipulation should be enforced absent any credible allegations that the plea and waiver were not knowingly and voluntarily made. Here, Mr. Stephenson simply provides no factual basis for his assertion that the stipulation was not valid or legitimate. His conclusory assertions that the agreement "has no validity" or "is not a legitimate waiver," without any evidentiary support, do not provide a basis for relief. *See e.g., United States v. McKinney,* 477 Fed. App'x 497, 499-500 (10th Cir. 2012) (dismissing claim based on conclusory statements and assertions, unsupported by the record, that guilty plea was not entered knowingly and voluntarily); *United States v. Lambros,* 614 F.2d 179, 181 (8th Cir. 1980) (holding that conclusory assertions unsupported by specific factual allegations that his pleas were involuntary and coerced are insufficient); *Inman v. Soares,* Civil Action No. 02CV01373-RPM, 2005 WL 2991952, at *2 (D. Colo. Nov. 8, 2005) (rejecting defendant's conclusory statement that his plea was coerced, without any factual assertions as to who or what coerced him with what, as inadequate). *See also Diventura v. Wynder,* 325 Fed. App'x 71, 73-74 (3rd Cir. 2009) (rejecting argument that petitioner was "hoodwinked out of his constitutional rights to appeal" by agreement with prosecutor to withdraw his postconviction petition in exchange for support of his pending clemency application by the prosecutor and trial judge).

Based on the foregoing, the Court finds that Mr. Stephenson has not demonstrated that the failure to exhaust his ineffective assistance of counsel claim, which he asserts as

cause for the default of Claim Four, was excused under the cause and prejudice standard. *See Edwards,* 529 U.S. at 453. Therefore, Mr. Stephenson has failed to demonstrate any reason that would justify reconsidering and vacating the dismissal of Claim Four as procedurally defaulted in the September 25 Order. Therefore, the motion to reconsider will be denied.

Furthermore, the Court concludes that Claims Three and Six in the Application also are procedurally defaulted. As set forth in the September 25 Order, Mr. Stephenson failed to exhaust Claims Three and Six because he did not invoke one complete round of the state's appellate review process when he voluntarily withdrew his postconviction motion in exchange for a sentence reduction. [*See* #21, at 15]. Moreover, Mr. Stephenson is barred from presenting Claims Three and Six to the state courts in a postconviction motion because he has waived his right to file any such motion in the future. [*Id.,* at 16]. Based on the same reasons as discussed above, the Court finds that Mr. Stephenson's decision to withdraw his postconviction motion and waive his postconviction rights in exchange for a reduction in his sentence was not external to him and does not constitute state interference. Because Mr. Stephenson has not made the necessary showing of cause and prejudice to excuse the default of Claims Three and Six, both claims will be dismissed as procedurally defaulted.

### III. Request to Amend

The Court next will consider Mr. Stephenson's request to amend Claim Five in the Application to challenge "the totality of the search warrants served in the case" and not just the "single retaliatory search warrant referenced in the initial filing of his Petition for Writ of Habeas Corpus." [#26, at 3]. Mr. Stephenson argues that "upon closer examination of [his

state court filings], Petitioner discerns that a broader and more encompassing argument is possible with regard to claim 5. Initially, Petitioner believed he was restricted to the single retaliatory search warrant referenced in the initial filing of his Petition for Writ of Habeas Corpus, but now sees that a challenge of the totality of the search warrants served in this case were preserved in the appellate process." [*Id.*]. As such, Mr. Stephenson seeks "to challenge the constitutionality of the additional search warrants." [*Id.*]. Respondents do not object to Mr. Stephenson's request to amend. [*See* #39].

An application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

An amendment is futile if the claims are barred by the applicable statute of limitations. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004). In such a case, leave to amend is not appropriate unless the new claims relate back to the original timely filed habeas corpus application under Fed. R. Civ. P. 15(c)(2). *See Mayle v. Felix,* 545 U.S. 644, 650 (2005).

In this case, Mr. Stephenson's Motion to Amend appears to have been filed before

the expiration of the one-year limitation period under 28 U.S.C. § 2244(d)(1), and Respondents do not object to the proposed amendment. Thus, the Court finds that the amended Claim Five is timely. Moreover, there is no showing of undue delay, undue prejudice to the opposing party, or bad faith or dilatory motive. *See Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993). Finally, upon review of the state court filings, including Mr. Stephenson's opening brief on direct appeal, the Court finds that Mr. Stephenson raised a claim challenging several search warrants as violating the Fourth Amendment because the affidavits failed to set forth specific facts to support probable cause. [*See* #11-2, at 25-29]. Therefore, the Court concludes that leave to amend should be granted to the extent Mr. Stephenson seeks to amend Claim Five to challenge the constitutionality of the search warrants in his case.

### IV.  Request for Appointment of Counsel

Finally, Mr. Stephenson requests appointment of counsel because (1) "of the important First Amendment implications of the criminal libel statute;" and (2) "he lives in a rural area without access to legal research materials and no means of subscribing to Lexis or other legal databases, and while, he has a bachelor's degree in English, his legal knowledge is limited." [#26, at 3].

"There is no constitutional right to counsel beyond the direct appeal of a criminal conviction," *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008), and decisions regarding appointment of counsel in habeas corpus proceedings generally are "left to the court's discretion," *Swazo v. Wyo. Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). Although, "there is a right to counsel in a habeas case when the district court determines that an evidentiary hearing is required," *id.*, the Court has not

determined that an evidentiary hearing is warranted in this action.

The Court is not persuaded that appointment of counsel is necessary. Mr. Stephenson has demonstrated an ability to present his arguments to the Court in a variety of motions and in his substantive briefs regarding the merits of his remaining claims. Furthermore, the Court will continue to construe Mr. Stephenson's filings liberally. *See Haines,* 404 U.S. at 520-21; *Hall,* 935 F.2d at 1110. Accordingly, Mr. Stephenson's request for appointment of counsel will be denied.

## V. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** as follows:

1. That Applicant's "Motion to Reconsider Order to Dismiss in Part; To Amend Claim 5; and to Appoint an Attorney" [#26] is **DENIED** as to the reconsideration of the Court's dismissal of Claim Four; **DENIED** as to the request for appointment of counsel; and **GRANTED** as to the amendment of Claim Five.

2. That Claims Three and Six in the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [#1] are **DISMISSED with prejudice** as procedurally defaulted.

3. That Applicant's "Motion to Deny Further Requests for Extensions of Time" [#38] is **DENIED as moot**.

Dated: March 29, 2016

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge